IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JEROME N. PEMBERTON AND LORIE PEMBERTON, | § § § | |
| Plaintiffs, | § § | |
| VS. | § § | CIVIL ACTION NO. H-12-756 |
| PNC BANK NATIONAL ASSOCIATION, | § § § | |
| Defendant. | § | |

**MEMORANDUM AND ORDER**

This is a suit challenging an attempted mortgage foreclosure. After receiving notice that their home would be sold at a substitute trustee's sale, the plaintiffs and mortgagors, Jerome Pemberton and Lorie Pemberton, sued the mortgagee, PNC Bank National Association, in state court to enjoin the foreclosure. The state-court petition asserted causes of action for breach of contract and negligence. PNC Bank timely removed to federal court. PNC Bank has moved to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. (Docket Entry No. 6.) The Pembertons have not responded to the motion to dismiss. Based on the state-court petition, the motion, and the relevant law, the court grants the motion to dismiss, with leave to amend no later than **July 2, 2012.** The reasons for this ruling are explained below.

**I.     Background**

The Pembertons own a home in Harris County, Texas. When they purchased the home, they signed a $100,000 promissory note and executed a deed of trust granting a security interest in the property to National City Mortgage. The note and deed of trust were later assigned to PNC Bank.

Over time, the Pembertons "began to have financial difficulties" and "became delinquent in their mortgage payments." (Pet. ¶ 8.)  They allege that in March 2011, they applied to their mortgage service company, PNC Mortgage, for loan modification "under the Federal Home Affordable Modification Program." (*Id.* ¶ 10.)  From March 2011 until January 2012, when they received the notice of foreclosure, the Pembertons corresponded with PNC Mortgage about their application.  The petition summarizes some of their communications, including the following:

- In June 2011, the Pembertons received a letter from PNC Mortgage requesting additional information.  (*Id.* ¶ 11.)

- In October 2011, the Pembertons called PNC Mortgage "regarding the status of their HAMP request." (*Id.* ¶ 12.)  PNC Mortgage told them that because it "lost some documents," the Pembertons "had to resubmit their financial documents." (*Id.*)

- In January 2012, PNC Mortgage sent the Pembertons a letter stating that "their request for hardship assistance was currently under review." (*Id.* ¶ 13.)

Instead of a loan modification, the Pembertons received a Notice of Acceleration and Notice of Substitute Trustee Sale stating that their home would be sold at a foreclosure sale on February 7, 2012.  (*Id.* ¶ 14.)  On January 30, 2012, the Pembertons sued in state court, asserting causes of action for breach of contract and negligence and seeking to enjoin the scheduled foreclosure sale. After the state court denied the Pembertons' request for a temporary restraining order enjoining the foreclosure sale, PNC Bank timely removed and filed this motion to dismiss.

PNC Bank argues that the breach of contract claim fails because the Pembertons have not alleged facts supporting an inference that PNC Bank breached any contractual obligations under the promissory note and deed of trust.  PNC Bank also argues that the negligence claim fails because

the Pembertons have not alleged facts supporting an inference that PNC Bank owed a legal duty to the Pembertons, that PNC Bank breached that duty, or that the Pembertons suffered damages resulting from a breach.  No response has been filed.

## II.     The Legal Standard

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted."  FED. R. CIV. P. 12(b)(6).  To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id*.  The federal pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Id*. (quoting *Twombly*, 550 U.S. at 555).  "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do."  *Id*. (internal quotation marks and citation omitted).

When a plaintiff's complaint fails to state a claim, the court should generally give the plaintiff at least one chance to amend under Rule 15(a) before dismissing the action with prejudice. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) ("[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal."); *see also United States ex rel. Adrian v. Regents of the Univ. of Cal.*, 363 F.3d 398, 403 (5th Cir. 2004) ("Leave to amend should be freely given, and outright refusal to grant leave to amend without a justification

. . . is considered an abuse of discretion." (internal citation omitted)).  However, a plaintiff should be denied leave to amend a complaint if the court determines that "the proposed change clearly is frivolous or advances a claim or defense that is legally insufficient on its face."  6 CHARLES A. WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1487 (2d ed. 1990); *see also Ayers v. Johnson*, 247 F. App'x 534, 535 (5th Cir. 2007) ("'[A] district court acts within its discretion when dismissing a motion to amend that is frivolous or futile.'" (quoting *Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S. of Am. Co.*, 195 F.3d 765, 771 (5th Cir. 1999))).

**III.   Analysis**

To state a viable claim for breach of contract under Texas law, a plaintiff must sufficiently allege: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach by the defendant; and (4) damages resulting from the breach.  *Lewis v. Bank of Am. NA*, 343 F.3d 540, 544–45 (5th Cir. 2003).  The "Breach of Contract" section of the Pembertons' petition merely lists the elements of a breach of contract cause of action.  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" is not sufficient.  *Iqbal*, 129 S. Ct. at 1949 (citation omitted).  The "Relevant Facts" section of the petition does include factual allegations.  But those allegations do not support the inference that PNC Bank breached its obligations under the promissory note, deed of trust, or another contract.  To the contrary, the Pembertons have alleged that *they* breached their contractual obligations under the promissory note when they "became delinquent in their mortgage payments."  (Pet. ¶ 7.)  They do not allege a contractual duty on the part of PNC Mortgage to modify the loan terms.  The law is clear that the federal program they cite, HAMP, does not give rise to a private cause of action if the mortgage or service company does not grant a loan modification.  *See Hung Quang Tran v. BAC*

*Home Loans Servicing, LP*, No. 4:10–cv–03514, 2011 WL 5057099, at *2–3 (S.D. Tex. Oct. 24, 2011) (collecting cases). Because the petition does not contain factual allegations supporting any inference that PNC Bank breached its contractual obligations to the Pembertons, they have failed to state a viable breach of contract claim. The motion to dismiss the breach of contract claim is granted, with leave to replead.

Nor have the Pembertons alleged sufficient facts to state a plausible negligence claim. To state a negligence claim under Texas law, a plaintiff must allege: (1) a legal duty owed by one person to another; (2) a breach of that duty; and (3) damages caused by the breach. *D. Houston, Inc. v. Love*, 92 S.W.3d 450, 454 (Tex. 2002). The "Negligence" section of the petition lists these elements but as a formulaic recitation that is insufficient to state a claim. *Iqbal*, 129 S. Ct. at 1949 (citation omitted). Though the "Relevant Facts" section of the petition alleges some of the communications between the Pembertons and PNC Mortgage about the loan-modification application, these allegations are not sufficient to state a plausible negligence claim. The allegations do not support any inference that PNC Bank owed a legal duty to the Pembertons that it breached. *Cf. Ahmad v. Wells Fargo Bank, NA*, --- F. Supp. 2d ----, 2012 WL 917769, at *7–8 (E.D. Mich. Mar. 19, 2012) (citing cases dismissing negligence claims alleging that lenders mishandled loan-modification applications under HAMP).

Nor do these allegations support any inference that the Pembertons were damaged as a result of PNC Bank's negligence. The Pembertons have alleged that they "are entitled to recover their actual damages from PNC Bank," (Pet. ¶ 20), but they have not alleged how they were damaged or what their "actual damages" caused by the alleged negligence are.

The motion to dismiss the negligence claim is granted, with leave to replead.

**IV.   Conclusion**

The motion to dismiss, (Docket Entry No. 6), is granted. The Pembertons may file an amended complaint no later than **July 2, 2012**.

SIGNED on June 11, 2012, at Houston, Texas.

Lee H. Rosenthal
United States District Judge